# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY O'KEEFE,

        Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, *et al*.,

        Defendants.

Case No. 2:08-cv-01421-PMP-GWF

**ORDER**

This matter is before the Court on Plaintiff's Complaint (Dkt. #1), filed on June 20, 2008.

## DISCUSSION

### I. Background

Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations under 42 U.S.C. § 1983. On February 10, 2009, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. (Dkt. #13).

According to his Complaint, Plaintiff is presently incarcerated at Mule Creek State Prison (hereinafter "MCSP"). (Dkt. #1). Plaintiff alleges that MCSP has become so overcrowded that the violence in the prison has increased and the law library and common areas are filled with prisoners. (*Id.* at 7). As a result of the alleged overcrowding, Plaintiff states that he has suffered numerous assaults at the hands of cell mates and other prisoners over the years from 1992 through 2005. (*Id.* at 4-7). Plaintiff details his injuries from being attacked by other prisoners in 1998 at California State Prison-Sacramento, in 1996 and 2001 at R.J. Donovan Prison in San Diego, in 2005 at California Men's Colony-East and in 2005 at Salinas Valley State Prison. (*Id.* at 6). Additionally, Plaintiff alleges that access to the prison law library at MCSP has become uncomfortable due to the number of prisoners using the library at one time.

Based on the previously stated allegations, Plaintiff claims Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

## II.  Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Eighth Amendment Claim

Plaintiff alleges that the overcrowding of MCSP has violated his Eighth Amendment right to be free from cruel and unusual punishment because the crowding has led to an increase in violence and a decrease in services. The Eighth Amendment is not a basis for broad prison reform. "It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392 (1981); *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds sub nom., *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183, 96 S.Ct. 2909, 2925, 2929 (1976). *See also Rhodes*, 452 U.S. 337.

Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. *See Rhodes*, 452 U.S. at 348; *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam). Where crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habilitation, however, the prisoner may be able to state a claim. *See Balla*, 869 F.2d at 471; *Toussaint v, Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984); *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982).

In this instance, Plaintiff alleges that the general overcrowding in California prisons has led to an increase in violence. In support of this claim he documents his medical treatment from 1992 through 2005 as a result of assaults within the prison system. Plaintiff has not, however, documented suffering any attacks at MCSP, the prison which he claims is overcrowded to such an extent that there has been

an increase in violence.  All of Plaintiff's allegations regarding violent abuse at the hands of prisoners occurred in prisons in the California system other than MCSP.  Plaintiff fails to allege any facts demonstrating that there has been an increase in violence at MCSP.  As a result, the Court cannot find that overcrowding at MCSP has reached the point where violent acts are on the rise in violation of the Eighth Amendment.

Additionally, Plaintiff alleges that the law library and common rooms are so crowded that he has trouble using the common areas without experiencing anxiety and stress.  Plaintiff has not documented, however, how the busy nature of the prison library or common areas has reduced his access.  He states in his Complaint that he is still able to use the law library and common areas, but that the number of inmates present makes him anxious.  Allegations that a prisoner has to share the common areas of the prison with a greater number of inmates than he is comfortable do not rise to the level of reduced access to constitutionally required services.  Therefore, this Court finds the allegedly crowded law library and common spaces do not constitute violations of the Eighth Amendment.

Given the absence of specific allegations regarding how overcrowding at Mule Creek State Prison has caused an increase in violence or a reduction in the provision of other constitutionally required services, Plaintiff fails to state a claim for relief under § 1983.

The screening of Plaintiff's Complaint (Dkt. #1) has been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court file Plaintiff's Complaint (Dkt. #1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. #1) is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from the entry of this Order to file an amended complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

DATED this 29th day of April, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**